## DeShone v. State of Indiana.

[No. 26,247. Filed December 27, 1934.]

*Robert E. Proctor,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Joseph P. McNamara,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an appeal from a conviction upon an indictment charging the appellant with the crime of rape upon the person of one Margaret Dunafin, a female child under the age of sixteen years.

The errors assigned for reversal are as follows:

(1) The court erred in overruling the motion of appellant to instruct the jury to return a verdict of not guilty.

(2) The court erred in overruling appellant's motion for a new trial.

Many reasons are assigned in the motion for a new trial, and the same will be discussed in their order.

The first assignment of error cannot avail the appellant. If it was error for the court to overrule the motion of the appellant to instruct the jury to return a verdict of not guilty, this would be a cause for a new trial and should not be separately assigned as error. *Brown* v. *State* (1920), 189 Ind. 644, 128 N. E. 926. However, the appellant has assigned this reason in his motion for a new trial and the same will be considered thereunder.

Under propositions, points, and authorities, the appellant first contends that the court erred in overruling appellant's motion for a new trial for the reason that the verdict is not sustained by sufficient evidence of the commission of the crime of rape. It is insisted that there was no proof of penetration and that the only evidence was to the effect that the prosecutrix had intercourse with the appellant and no evidence that she had sexual intercourse with the appellant. We cannot agree with the contention of appellant as to the meaning and construction to be placed upon the word intercourse in the instant case. It appears from the evidence that the prosecutrix, Margaret Dunafin, who was just past fifteen years of age, and the appellant, who was twenty-four years of age, together

with some other young people, on the night of October 2, 1931, went out to a cottage near Elkhart, owned by the father of the appellant. The cottage consisted of three or four rooms. There was one bed-room with a bed in it. The party played cards and drank some beer. The appellant and the prosecutrix went into the bed-room, and, as the prosecutrix testified, had intercourse. Louise Musbaum, a witness for the state, testified that she was with the party, and that the appellant and prosecutrix went into the bedroom and that later she went into the bedroom and found them on the bed and that "they had intercourse," and that the prosecutrix "had her dress up." Other witnesses testified that the prosecutrix and appellant were in the bedroom together. Under the facts and circumstances in the instant case, we think it was clear that the prosecutrix meant sexual intercourse and that the jury properly so construed it, and it was a question for the jury, under the evidence, to decide whether or not the appellant did have sexual intercourse with the prosecutrix.

In the case of *State* v. *Workman* (1911), 66 Wash. 292, 119 Pac. 751, a conviction of statutory rape was sustained by the testimony of the prosecutrix that the defendant had "intercourse" with her where it appeared that she meant sexual intercourse. Also see *Parrett* v. *State* (1928), 200 Ind. 7, 159 N. E. 755, and *Shepherd* v. *State* (1928), 111 Texas Cr. 4, 10 S. W. (2d) 730.

Appellant complains of the admission in evidence of State's exhibit number one. Exhibit number one was a written statement signed by the prosecutrix and procured by the appellant. On the direct examination of the appellant he was examined concerning the written statement and testified that she stated that the police influenced her to sign the statement and that the things she said were not true. In rebuttal, exhibit number one was introduced to rebut

what the appellant and one other witness had testified to concerning the statement. This was proper rebuttal evidence and properly admitted.

The appellant next insists that the court erred in overruling appellant's motion to instruct the jury to find him not guilty. This motion was made in writing at the close of all the evidence. This motion was properly overruled. This is not a case where there was a total lack of evidence to support the verdict. On the other hand there was sufficient evidence given to support a verdict of guilty and it would have been error for the court to have sustained the motion to direct a verdict in favor of appellant.

The appellant further contends, as a reason for a new trial that the verdict is not sustained by sufficient evidence. We have carefully read all the evidence and find that there was sufficient evidence to sustain the verdict.

It is further contended by the appellant, as a reason for a new trial, that the jury was guilty of misconduct and that the verdict was found and arrived at by means other than a fair expression of opinion on the part of all the jurors. The appellant asserts that a Mr. Blue, who was a member of the jury upon the *voir dire* examination stated that he had no prejudice against the defendant and that he knew of no reason why he could not give the defendant a fair and impartial trial. One Gordon Fletcher made a supporting affidavit to the motion for a new trial that the said Blue, prior to the trial, made the statement that "the whole DeShone family should be run out of town." Upon this supposed statement, the appellant claims there was misconduct on the part of said juror and he also claims there was misconduct on the part of Henry M. Dussell, a member of the jury in this, to wit: that immediately after the jury entered the jury room for deliberation, Dussell said to his fellow jurors that "I think if young DeShone had a half way respectable father and

family he might have had a chance to get out of this." Ten of the members of the jury filed a counter affidavit stating that at no time did the juryman, Dussell, make the statement as above set out. Dussell also filed a counter affidavit stating that after the jury had reached a verdict he did make a statement to the effect "that if the defendant had had a better father he might not be in trouble now." Robert E. Smith, a member of the jury, filed a counter affidavit to the effect that during the deliberations of the jury there was nothing said about the DeShone family by any member of the jury, but that after a verdict had been reached, juryman Dussell said in substance that "if his father would not have been what he is the boy might not have been in trouble." Juryman Blue filed a counter affidavit to the effect that at no time did he ever say to Gordon F. Fletcher that "the whole DeShone family should be run out of town," and that he never at any time talked with said Fletcher about the DeShone family in any manner and that he had no acquaintance with the DeShone family and that he answered all questions upon the *voir dire* examination truthfully.

As said in the case of *Trombley* v. *State* (1906), 167 Ind. 231, 235, 78 N. E. 967: "We are justified in disturbing a verdict of guilty on account of the alleged misconduct of a juror, only when it is shown that such misconduct was prejudicial to the rights of the defendant, or when such a state of facts is shown that it may fairly be presumed therefrom that the defendant's rights were prejudiced." In the instant case we can not say there was any misconduct on the part of the jury or any member thereof and it is clear that none of the defendant's rights were prejudiced. Neither do we find any evidence to support the proposition contended for by appellant that the verdict was reached by means other than by a fair expression of opinion on the part of all of the jurors.

The appellant assigns, as a reason for a new trial, that there was newly discovered evidence which he could not with reasonable diligence have discovered and produced at the trial. This reason for a new trial is based upon the affidavit of Thomas DeShone, father of appellant, Malcolm DeShone and Henry Deshone, brothers of the appellant, and Emil Franz, attorney for appellant. These affidavits, in substance, state that one Hawley O. Burke had a written statement in his possession made by the prosecutrix, Margaret Dunafin, in which she stated that all former statements made by her with reference to the alleged crime were untrue and that she was forced to make them. The affidavits show the appellant at one time had possession of the statement, but it is not shown that he made any attempt to have it produced at the trial and neither is it shown that any attempt was made to have Burke as a witness at the trial to prove the contents of the statement if it was lost or destroyed. The appellant having had possession of the statement prior to the trial and knowing the contents thereof, is in no position now to claim that it is newly discovered evidence.

It is next insisted that a new trial be granted on account of accident and surprise due to the fact that the prosecutrix, Margaret Dunafin, denied that a statement made by her before Benjamin W. Coombs, notary public, was untrue and that her previous statement referred to as State's exhibit number one, and her testimony upon the witness stand in the trial of the cause were true; that Hawley O. Burke, former attorney for defendant, would and did refuse to surrender said statement made by said Margaret Dunafin before Benjamin W. Coombs, notary public, to the defendant for use in the defense of said case.

The mere fact that a witness when on the witness

stand makes a statement contrary to what she had made before trial is not such surprise as is contemplated by the statute. If this were true then in practically every trial a new trial could be secured on the grounds of surprise or accident, for this very thing happens in most trials. "A party has no reason to be surprised at evidence introduced by his adversary which was admissible under the issues in the case." *Fudge* v. *Marquell* (1905), 164 Ind. 447, 72 N. E. 565, 73 N. E. 895.

There is no affidavit by the appellant, or any one representing him that we are able to find in the record, to sustain a motion for a new trial on account of accident or surprise. As said in the case of *Dowell* v. *State* (1884), 97 Ind. 310: "Where a new trial is asked upon the ground of surprise, created by the testimony of a witness, there must be an affidavit of the party showing, among other things, that there was diligence used by him, and that he was in fact surprised by the testimony of the witness. A stranger can not, as a general rule, make such an affidavit as is required by the party."

The court did not err in overruling appellant's motion to quash the indictment for want of sufficient certainty. Neither did the court err in overruling appellant's motion for a new trial on the ground that the venue had not been proved. The evidence was sufficient to prove the venue to be in Elkhart county, State of Indiana.

The verdict of the jury was not contrary to law and was sustained by sufficient evidence. None of the instructions are discussed under propositions points, and authorities, and error, if any, in the giving of instructions is therefore waived.

Judgment affirmed.