RICHARD ALLEN SHARP *v.* STATE OF INDIANA.

[No. 476S121. Filed November 8, 1977. Rehearing denied March 2, 1978.]

*Robert W. Hammerle,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—The defendant, Richard Allen Sharp, was charged by way of information with armed robbery. He was

tried by jury, found guilty as charged, and sentenced to 20 years' imprisonment. James Brown was tried jointly with the defendant, and he was also convicted. His appeal to this Court resulted in the affirmance of his conviction. It is unnecessary to reach many of the issues raised by the defendant Sharp, as these issues are identical to the issues raised by Brown in his appeal, when it was determined there was no trial error. *Brown* v. *State,* (1977) 266 Ind. 82, 360 N.E.2d 830. Sharp raises the following issues not determined in Brown's appeal:

1. Whether there was sufficient evidence to support the jury's verdict; and
2. Whether it was error for the trial court to refuse to give instructions on the lesser included offenses of armed robbery.

### I.

The defendant contends that there was insufficient evidence of identification to support the jury's verdict. He asserts that the eyewitness who identified him had only a short opportunity to observe the perpetrator and that another eyewitness was not able to make an identification of him. He also emphasizes discrepancies between descriptions given to police and the defendant.

When reviewing a claim of sufficiency of the evidence, only that evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom will be considered on appeal. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566. If there was sufficient evidence of probative value from which a jury could have determined guilt beyond a reasonable doubt, the judgment will be affirmed. *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658.

Here, an eyewitness made a positive identification of the defendant in court as well as at a pre-trial confrontation one hour after the crime. Corroborative of the identification is the fact that the defendant was apprehended in a car, the same make, year and color as that used

in the robbery. In addition, the defendant Sharp silently mouthed the words, "You're dead," when the eyewitness approached him at the pretrial confrontation, indicating recognition and a consciousness of guilt.

This was sufficient evidence to support the jury's verdict.

## II.

The defendant tendered instructions covering various lesser included offenses of armed robbery. The trial court refused these instructions. He gave an instruction on armed robbery, including an instruction on aiding and abetting an armed robbery. The defendant contends that the failure of the trial court to instruct the jury on these lesser included offenses was reversible error.

> The relevant statute provides as follows in all ▋ cases other than those involving different degrees: "[T]he defendant *may be found guilty* of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information." Ind. Code § 35-1-39-2 (Burns 1975) (emphasis added).

The test for determining whether it was error for the trial court to refuse instructions on lesser offenses is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also, whether there was evidence adduced at trial to which the included offense instruction was applicable. *Harris* v. *State*, (1977) 266 Ind. 661, 366 N.E.2d 186; *Hester* v. *State*, (1974) 262 Ind. 284, 315 N.E.2d 351.

In this case all the evidence indicated that the defendant was either guilty as charged or not guilty of any offense. The point of contention at trial was the issue of identification. All the evidence showed that two men entered a liquor store and robbed it. One man took money from the cash register while the other held a gun on the victims. The defendant

Sharp was identified as being the man who took money from the cash register.

The jury was instructed on the elements of armed robbery and the elements of aiding and abetting an armed robbery. To have returned a verdict of guilty they must have found all of the elements of the offense present beyond a reasonable doubt. There was no error in the refusal of defendant's instructions.

For all of the foregoing reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., and Pivarnik, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

## DISSENTING OPINION

DeBruler, J.—As pointed out by the majority opinion, appellant Sharp and one James Brown were jointly tried and found guilty of this robbery. Brown's conviction was affirmed by this Court in *Brown* v. *State*, (1977) 266 Ind. 82, 360 N.E.2d 830. In that appeal, Justice Prentice and I voted to reverse because the trial judge had abused his discretion in excusing 750 of 1000 jurors named by the jury commissioners simply upon request, and without any requirement that they show inconvenience or hardship. The trial judge should have a wide range of discretion to grant excuses to individual jurors for just cause, but no such cause or reasonable basis justifies the type of wholesale excuse granted by the trial court here. This procedure also should not be tolerated because it resulted in the concentration of a particular attitude in the remaining jury group, namely, a willingness and eagerness to serve as a juror in a felony criminal court; and served to exclude a large group of qualified jurors, namely, the working poor who would have in all likelihood opted out of jury service rather than put up with the loss of wages or the displeasure of their employers.

Prentice, J., concurs.

NOTE.—Reported at 369 N.E.2d 408.