**Timothy FLEENER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1079S289.

Supreme Court of Indiana.

Nov. 26, 1980.

Rehearing Denied Jan. 27, 1981.

Charles L. Berger, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged by indictment in two counts for murder and felony murder, Ind.Code § 35–13–4–1(a) (Burns 1975), for the 1977 stabbing of Harold Lewis in Evansville. After trial by jury he was convicted. The trial court imposed a sentence of life imprisonment on the felony murder count. The murder count was dismissed prior to trial. This direct appeal presents the following issues:

(1) Whether or not the trial court erred in admitting the defendant's confession.

(2) Whether or not the trial court erred in admitting statements attributable to the defendant without proof of the corpus delicti of the crime of felony murder.

(3) Whether or not the trial court erred in refusing Defendant's tendered instruction on lesser included offenses.

(4) Whether or not the trial court erred in refusing to grant the defendant's motion for a new trial based on newly discovered evidence.

(5) Whether or not the evidence was sufficient to support the verdict.

\*     \*     \*     \*     \*     \*

## ISSUE I

Over a pretrial suppression motion and timely objection, the defendant's confession was admitted at trial. The defendant contends he was induced to confess by promises from the interrogating officer that he would not be prosecuted.

It is the State's burden to prove beyond a reasonable doubt that the defendant voluntarily and intelligently waived his rights, and that the defendant's confession was voluntarily given. *Grey v. State,* (1980) Ind., 404 N.E.2d 1348, 1351; *Magley v. State,* (1975) 263 Ind. 618, 626–27, 335 N.E.2d 811, 817.

"Upon a review of the denial of a motion to suppress a confession and the subsequent admission of that confession over objection, this Court will not weigh the evidence or judge the credibility of witnesses. The admissibility of a confession ultimately depends upon questions of fact which are to be resolved by the trial court. * * * If the evidence is conflicting, only that evidence which tends to support the trial court's ruling will be considered upon appeal. * * * If the trial court's ruling is supported by substantial evidence of probative value it will not be disturbed." *Wollam v. State,* (1978) 269 Ind. 286, 291, 380 N.E.2d 82, 85.

Only the defendant and Detective Baggerly, the interrogating officer, testified.

The evidence in favor of the defendant is his own testimony that Baggerly represented to him that there would be no charges filed, if he cooperated, and that Baggerly told him that he did not need an attorney.

From the officer's version of the incident, there is nothing that a reasonable person of the apparent intellect of the defendant could have so construed.

The defendant signed a waiver of his rights and acknowledged his understanding thereof.

On this record we find that there was substantial evidence of probative value to support the trial court's ruling. *See Baker v. State,* (1980) Ind., 400 N.E.2d 137, 138; *Richardson v. State,* (1978) 268 Ind. 61, 64, 373 N.E.2d 874, 875.

### ISSUE II

The defendant contends that his confession and other statements attributed to him were admitted into evidence without independent proof of the corpus delicti, in this case the underlying felony of robbery.

"Although the *corpus delicti* of a crime must be proved beyond a reasonable doubt in order to sustain a conviction, it need not be so proved to render a defendant's confession admissible. * * * It may be shown by circumstantial evidence." *Grey v. State, supra.*

"* * * (M)urder in the first degree can be committed by a homicide which involves premeditated malice, rape, arson, robbery or burglary, and it is our opinion in this case the corpus delicti is established by evidence independent of the confession of a homicide from which inferences may be drawn that it was feloniously done without evidence independent of the confession specifically of premeditation, rape or any of the other enumerated felonies." *Jones v. State,* (1969) 253 Ind. 235, 246, 252 N.E.2d 572, 578, *cert. denied,* (1977) 431 U.S. 971, 97 S.Ct. 2934, 53 L.Ed.2d 1069.

The prosecutor chose color photographs to depict graphically in detail the location where the victim's body was found and the multiple stab wounds inflicted thereon. The evidence disclosed that the victim had been stabbed and then managed to walk a short distance before he died. We hold that this was sufficient evidence of corpus delicti to allow the confession and statements to come into evidence. *Harrison v. State,* (1978) 269 Ind. 677, 684, 382 N.E.2d 920, 925, *cert. denied,* (1979) 441 U.S. 912, 99 S.Ct. 2010, 60 L.Ed.2d 384; *Jones v. State, supra.*

The defendant relies upon *Porter v. State,* (1979) Ind., 391 N.E.2d 801, where we said:

"Thus, to establish the corpus delicti, it was necessary to demonstrate that a robbery attempt had occurred, that a human being had been killed during this robbery attempt, and that the robbery attempt and homicide had been committed by someone. *See Jones v. State,* (1964) 244 Ind. 682, 686, 195 N.E.2d 460, 462." 391 N.E.2d at 809.

It has been stated that *Porter* and *Harrison* are apparently inconsistent, and that

*Porter* is a correct statement of the law. *Udchitz v. State*, (1979) Ind.App., 398 N.E.2d 688, 691 n. 4. But we note that in *Porter* there was ample evidence, independent of the confession, that established the commission of the underlying felony. Some language unfortunately crept into that opinion from which the defendant concluded that in proving the corpus delicti, pursuant to entering the confession to felony murder into evidence, it is necessary to prove the commission or attempt of the specific underlying crime charged. It was there said at 391 N.E.2d 809, "Thus to establish the corpus delicti, it was necessary to demonstrate that a robbery attempt had occurred." We also note that the case cited in support of that statement is not in point. It is apparent that another case by the same name, *Jones v. State*, (1969) 253 Ind. 235, 252 N.E.2d 572, was intended and its holding is in accord with the principles enunciated in *Porter* but diametrically opposed to the quoted passage taken literally. To the extent that *Porter* may be so read, it is disapproved; and *Udchitz v. State*, (1979) Ct. of App.Ind., 398 N.E.2d 688, which so construed it is overruled.

The rule in this state upon the quantum of evidence of the corpus delicti required to render a confession admissible and upon the utilization of the confession, thereafter, to prove all requisite elements of the crime was determined and well stated in the earlier *Jones* case,

"From an extensive review of the authorities as to the quantum of evidence necessary to prove the corpus delicti in this state, we hold that it is not necessary to make out a prima facie case as to each element of the crime charged nor is it necessary to prove each element of the crime charged beyond a reasonable doubt before a confession is admissible. We further hold that the traditional definition of corpus delicti, as heretofore quoted from Black's Dictionary, namely, that the body (material substance) upon which a crime has been committed, i. e. the corpse of a murdered man or the charred remains of a burnt house, for example, plus independent evidence from which an inference may be drawn that a crime was committed in connection therewith, is sufficient to show the corpus delicti. Our rule is stricter than that held by the Federal courts and some state courts, as shown above, since in this state we require evidence of criminality in connection with the incident. However, in first degree murder under our felony–murder statute we do not require that the exact felony or attempted felony be established by evidence independent of the confession nor do we require that premeditation be proved by outside independent evidence where the charge is purposeful and premeditated first degree murder. These elements may be shown by use of the confession in connection with any independent evidence in making out the case.

"There have been, in decisions of this state at times in the past, some dicta and confusion on this subject matter, and any such statements or cases to the contrary of the principle enunciated above are hereby overruled. The principle defining corpus delicti, as above, is the majority rule and is that rule which is best designed to allow the efficient administration of criminal law and at the same time afford ample protection of the defendant's rights where a confession is involved.

"We find that there was sufficient independent evidence under the rule enunciated above to prove the corpus delicti of the crime charged in this case. The independent evidence shows that the homicide committed in this state was one of violence under the circumstances from which one could draw the conclusion that it was criminal in nature." 253 Ind. 235, 249–250, 252 N.E.2d 572, 580.

### ISSUE III

The defendant contends that the trial court erred in refusing his tendered instruction on lesser included offenses—second degree murder, voluntary manslaughter, involuntary manslaughter, robbery, theft, assault and battery with intent to commit a

felony, and assault and battery–to felony murder.

■ There are no lesser included homicides of felony murder. *Rodriguez v. State*, (1979) Ind., 388 N.E.2d 493, 496; *Dull v. State*, (1962) 242 Ind. 633, 636–37, 180 N.E.2d 523, 524–25, *cert. denied*, (1962) 371 U.S. 902, 83 S.Ct. 206, 9 L.Ed.2d 164; *Hawkins v. State*, (1941) 219 Ind. 116, 125–26, 37 N.E.2d 79, 83 (cases cited therein); *Swain v. State*, (1938) 214 Ind. 412, 414–15, 15 N.E.2d 381, 383, *cert. denied*, (1939) 306 U.S. 660, 59 S.Ct. 791, 83 L.Ed. 1057. We recognize that under appropriate circumstances a defendant charged with felony murder could be acquitted of felony murder but found guilty of the underlying felony. *Whitten v. State*, (1975) 263 Ind. 407, 414, 333 N.E.2d 86, 91; *Hester v. State*, (1974) 262 Ind. 284, 289, 315 N.E.2d 351, 354. However, to warrant such an instruction, the evidence would have to be such as would support a guilty verdict as to the underlying felony without also supporting a finding that the murder was incidental to that felony. *See Cade v. State*, (1976) 264 Ind. 569, 579, 348 N.E.2d 394, 401.

■ The evidence in this case clearly shows that the decedent was killed in the perpetration of a robbery. The only question the jury had to determine was whether or not the defendant was an accessory to the crime. There was no evidence from which it could have been reasonably found that the defendant was guilty of the robbery but not of the murder; hence the tendered instruction simply was not applicable to the evidence. *See Rogers v. State*, (1979) Ind., 396 N.E.2d 348, 354; *Richardson v. State*, (1979) Ind., 388 N.E.2d 488, 492; *Pruitt v. State*, (1978) 269 Ind. 559, 563–64, 382 N.E.2d 150, 153; *Sharp v. State*, (1977) 267 Ind. 198, 200, 369 N.E.2d 408, 410.

### ISSUE IV

The defendant contends that he should have received a new trial by reason of newly discovered evidence. The claim of new evidence is supported by a deposition of Defendant's former cellmate, Alvin Hunley, which relates that the defendant told Hunley that his confession to Detective Bagger-

ly was false and was given out of revenge for the purpose of implicating his co–defendant.

■ Although the deposition of Hunley was taken after the trial, the information therein upon which the defendant seeks to rely, i. e., the purpose of his confession, was not a new discovery. The defendant did not testify at his trial, and neither did Hunley.

"A defendant in possession of evidence, who fails to present the evidence at trial, cannot use such evidence as a basis for a new trial following an unfavorable verdict." *Riddle v. State*, (1980) Ind., 402 N.E.2d 958, 961.

We find no error. See *Vacendak v. State*, (1976) 264 Ind. 101, 109, 340 N.E.2d 352, 357, *cert. denied*, (1976) 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125; *DeShone v. State*, (1934) 207 Ind. 380, 386, 193 N.E. 223, 225.

### ISSUE V

The defendant's challenge to the sufficiency of the evidence assumes the correctness of his position upon the issues of the admissibility of his confession and the extent to which it could be utilized by the jury. We have determined those issues to the contrary, and there is no other basis for the challenge presented.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.