**Proctor GRAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 885S324.**

Supreme Court of Indiana.

Dec. 9, 1986.
Rehearing Denied Feb. 10, 1987.

Geoffrey G. Creason, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with murder, pursuant to I.C. 35–42–1–1, but was convicted of voluntary manslaughter in a trial by jury. The trial court sentenced Appellant to a term of fifteen (15) years, the standard term being enhanced by five (5) years due to a finding of aggravating circumstances.

These are the facts from the record that tend to support the finding of guilt. Appellant and the victim, Cooper, were both vying for the affections of one Cathy Walker. Testimony at trial showed that Appellant had once threatened to kill Cooper and had twice beaten on the door of the apartment Cooper shared with Walker in the middle of the night.

On the night of July 20, 1984, Cooper, Appellant and Walker were present in Cooper's apartment. During the course of the evening, Cooper displayed a gun and told appellant "this is what I've got for you." Later, Walker hid the gun behind a curtain. Subsequently, Cooper and Appellant engaged in an argument and Walker left the apartment. Cooper attempted to restrain her by holding her arm and Appellant grabbed her other arm. Walker broke away from the two men and ran across the street. As she watched, Cooper swung at the Appellant and the Appellant swung back. At that time Appellant was holding a paring knife he had taken from Walker's apartment and when he swung at Cooper, he inflicted a fatal wound in Cooper's throat.

This is a direct appeal and the appellant raises four (4) issues on appeal: (1) whether the trial court erred in admitting evidence of Appellant's prior acts of misconduct, which acts had not been reduced to convictions and did not involve the victim in this case, (2) whether the trial court erred in giving Final Instruction 21 concerning self-defense, (3) whether the trial court erred in refusing to give Appellant's tendered Instruction No. 4 on the lesser included offense of Involuntary Manslaughter, and (4) whether the trial court erred in

its finding of aggravating circumstances without identifying or considering mitigating circumstances?

## I

Appellant submitted a motion in limine prior to trial in an attempt to prevent the State from introducing evidence concerning two pending battery charges against Appellant. This motion in limine was granted by the trial court. However, at trial, over objection by the Appellant, the State was permitted to question Appellant concerning these incidents. The first incident involved Cathy Walker and occurred on May 24, 1984. The second incident involved an individual named Adda Kunli Addu and occurred on May 25, 1984. Appellant argues that introduction of these incidents was in violation of the motion in limine and inadmissible testimony concerning prior acts of misconduct unrelated to the present situation.

The state alleges that this incident falls within exceptions delinated in *Jackson v. State* (1977), 267 Ind. 62, 366 N.E.2d 1186. Those exceptions are (1) where the Appellant puts his reputation for character into evidence, the prosecutor may present evidence of bad character, and (2) when the Appellant attempts to prove a factual defense which justifies the actions, specific acts of prior conduct are admissible to rebut the defense. This court believes that the incident between Appellant and Adda Kunli Addu does not fall within either of these exceptions.

■ Appellant testified and offered proof that in stabbing this victim, he did so in self defense. His description of the fight was that the victim Cooper was the aggressor and struck at him as he attempted to move away, and that he was in fear that the victim had a gun and would shoot him. As a result of this testimony, the state was permitted to question appellant over objection regarding the fight with Adda Kunli Addu two months prior to the fight with Cooper. There is no connection between the two fights. The fights occurred at different times, in different places, and involved different people and circumstances. Consequently, proof of appellant's conduct at the earlier fight was inadmissible in the trial of this case to rebut Appellant's defense. Appellant contended that he merely engaged in self-defense during this incident, and that is not equivalent to his asserting he always possessed a propensity to act in self-defense in similar situations. In *Jackson v. State, supra,* as in other such cases, a special connection is to be found between the two events. There, the defendant shot and killed a foreman in the workplace on the spot when rebuked. Defense witnesses testified that the defendant ". . was a hard worker who never did anything but his job." *Id.* 366 N.E.2d at p. 1188. Proof of prior threats to the foremen in the workplace was deemed admissible to rebut a self-defense claim. The connection between these incidents is tenable, while the incidents in the present case have no viable connection. Consequently, we hold that admitting evidence about the incident involving Adda Kunli Addu was error and that the error adversely affected the substantial rights of the Appellant. The judgment cannot stand.

■ The testimony concerning the other pending battery charge involving Cathy Walker was properly admitted. Appellant had testified on the issue of the prior conduct between himself, Cooper and Walker on direct examination and therefore placed his relationship with Walker before the jury.

Because we are reversing on the above issue, it is unnecessary for us to consider the remaining issues presented by the Appellant.

Reversed and remanded.

SHEPARD, DICKSON, JJ. concur

GIVAN, C.J., dissenting with opinion in which PIVARNIK, J. concurs.

GIVAN, Chief Justice, dissenting.

I dissent from the majority opinion in this case. The majority correctly observes

that the question of evidence concerning appellant's prior attack on one Adda Kunli Addu was the subject of a Motion in Limine prior to trial and that the Motion in Limine was sustained by the trial judge. However, the issue presented to the trial court as to whether or not to allow the cross-examination by the State was the fact that during his direct examination, appellant had attempted to convince the jury that Cooper was the aggressor at all times. That it was Cooper who was armed in the first instance. That he only obtained the paring knife because he was fearful Cooper would shoot him and that when he followed Cooper and Walker down the stairs and out on the street, he was merely trying to persuade Cooper to leave Walker alone. He staunchly maintained he was never the aggressor and that at all times he was only trying to defend himself.

This attempt on appellant's part presented the issue of the prior conduct of the two men toward each other and toward Walker. Thus, the trial court was correct in its ruling that notwithstanding the Motion in Limine, appellant had, by his own direct examination, placed the issues of his and Cooper's conduct toward each other and toward Walker squarely before the jury. Thus the State was entitled to cross-examine him in depth on such issues. *Jackson v. State* (1977), 267 Ind. 62, 366 N.E.2d 1186.

The majority opinion attempts to distinguish *Jackson, supra,* from the present case. However, I fail to see a valid distinction. In *Jackson* the prior threats had been against two other foremen rather than the one involved in the case. The evidence was allowed because appellant had attempted to show in his case in chief that he had a good reputation at work and that it was the victim who had caused the episode and that he was only defending himself. The evidence of his prior attacks on other persons at the plant was allowed as rebuttal to his own testimony in chief.

The facts in *Jackson* and the facts in the case at bar are closely parallel. I believe the trial court was fully justified in allowing evidence of the attack on Adda Kunli Addu.

I would affirm the trial court.

PIVARNIK, J., concurs.