Margaret BERKLEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1084S426.

Supreme Court of Indiana.

Dec. 9, 1986.

Diane M. McNeal, Appellate Division, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Margaret Berkley was tried before a jury and convicted of murder. Ind.Code 35–42–1–1 (Burns 1979 Repl.). The trial judge sentenced her to fifty years imprisonment. She raises two issues in this direct appeal:

1. Whether the trial court committed fundamental error in allowing the State to present rebuttal evidence of the appellant's reputation for peacefulness in the community, and

2. Whether the verdict is supported by sufficient evidence.

The evidence at trial showed that on September 20, 1983, Berkley shot Steven Hoffman in a dispute over Hoffman's failure to pay one hundred dollars in return for Berkley's sexual favors. Hoffman had driven Berkley and a co-worker, Michelle Davis, to an apartment building in Hammond, Indiana, where both women lived. Davis went to her own apartment while Berkley and Hoffman went to Berkley's apartment.

Davis and Robert Greene, Berkley's friend, heard loud noises and went to check on her. Greene left to survey Hoffman's car for valuables. In Greene's absence, Hoffman attempted to leave the apartment. Appellant hit the victim with an ax handle and ordered him to sit in the middle of the living room floor. Berkley then pointed a revolver at the victim and asked, "How would it feel if I pulled the trigger?" When he replied, "Dead," Berkley fired. Hoffman died of a single gunshot wound to the head.

After enlisting the involuntary aid of a neighbor to carry the body to the victim's car, Berkley, Davis and Greene drove the car to Calumet City, Illinois. They abandoned the car in an alley; the body was discovered in the backseat of the car the next morning.

Davis, Greene and neighbors Scott and Lynn Leach were charged with assisting a criminal. Ind.Code § 35–4–3–2 (Burns 1979 Repl.). Davis testified at trial pursuant to a plea agreement, under which the State recommended that she receive a suspended sentence.

### I. Rebuttal Evidence

Berkley testified at trial. Calling on her professional experience, Berkley noted that Hoffman looked violent, and she discussed the preference of some customers for violent treatment. She explained that she was afraid of Hoffman, that he had "come at her," and that when Hoffman went toward the door, she thought he was going to attack Davis. In essence, Berkley's testimony advanced a theory of self-defense, and the court later gave an instruction on self-defense.

On cross-examination, the State explored Berkley's direct testimony about violence with previous customers. Defense counsel objected to the State's questions about an earlier incident. The court ruled that Berkley had opened the door to the issue of violent incidents with customers and allowed the questions. Appellant admitted having stabbed another customer eight times in a prior altercation, but justified that incident by explaining that the customer had been choking her.

Following appellant's case in chief, the State called Hammond police officer Michael Solan. Over defendant's objection, Solan testified that he was familiar with Berkley's reputation in the community for peacefulness and that her reputation was "very bad, very violent."

Appellant concedes that this rebuttal evidence was not challenged as error in the motion to correct errors. She therefore couches her argument in terms of fundamental error. Fundamental error is error so grave that, if not rectified, it would result in a denial of fundamental due process. *Warriner v. State* (1982), Ind., 435 N.E.2d 562. Appellant alleges that such error occurred when the court allowed Solan's testimony regarding Berkley's reputation for peacefulness.

The scope of rebuttal evidence is a matter for the trial court's discretion; its decision will be disturbed only on a showing of abuse of that discretion. *Wells v. State* (1982), Ind., 441 N.E.2d 458. Rebuttal evidence is limited to that which tends to explain, contradict, or disprove evidence offered by the adverse party. *Steele v. State* (1985), Ind., 475 N.E.2d 1149. Appellant argues that, because she admitted the earlier stabbing incident, testimony about her reputation for peacefulness in the community did not explain, contradict, or disprove the evidence elicited by the State on cross-examination.

When the accused offers evidence of her own character, she opens the door to the subject of her character for the trait placed in issue. *Bond v. State* (1980), 273 Ind. 233, 403 N.E.2d 812. Additionally,

when the accused attempts to prove a factual defense which justifies her actions, such as self-defense, the State may offer evidence to rebut that defense. *Jackson v. State* (1977), 267 Ind. 62, 366 N.E.2d 1186.

However, merely asserting self-defense is not equivalent to asserting a propensity to act in self-defense in a similar situation, nor does such an assertion automatically put defendant's character in issue. *Gray v. State*, (1986), Ind., 500 N.E.2d 1200. In *Gray*, the defendant merely asserted self-defense to the charged crime and did not attempt to establish a pattern of nonviolent conduct. The State then introduced evidence of a prior unrelated violent act. The admission of such evidence was error because there was no connection between the two events which would tend to rebut Gray's claim of self-defense to the particular crime charged. Conversely, evidence about prior acts which can be specifically connected to the offense at bar may be admitted. *Jackson*, 267 Ind. 62.

In this case, Berkley's assertion of self-defense goes beyond the charged offense. She related her experience with voluntary violent conduct and offered evidence that both the shooting in this case and the stabbing in the earlier incident were justified by self-defense. This testimony established a pattern of conduct, implying that Berkley was generally peaceful and engaged in violence only in voluntary cases or in cases of self-defense. Therefore, the State's rebuttal evidence about her bad reputation for peacefulness tends to contradict this inference and was properly allowed. The court committed no error, fundamental or otherwise.

## II. Sufficiency of the Evidence

Appellant also argues that her conviction is not supported by sufficient evidence. Particularly, Berkley asserts that the State failed to prove the essential element of intent because she testified that she could not remember shooting the victim.

When reviewing the sufficiency of the evidence, we look only to the probative evidence supporting the verdict and the reasonable inferences therefrom to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 458 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. The uncorroborated testimony of an eyewitness is sufficient to sustain a conviction. *Griffin v. State* (1986), Ind., 493 N.E.2d 439.

Though Berkley testified about her own lack of memory, Davis was an eyewitness to the shooting and remembered it well. Davis' testimony that appellant struck the victim, ordered him back into the room, and asked him how it would feel if she fired, is more than adequate to support an inference that the shooting was intentional. The jury's verdict was supported by sufficient evidence.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.