**Edward L. SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 48S00–9112–CR–1009.**

Supreme Court of Indiana.

March 4, 1993.

Rehearing Denied May 11, 1993.

⚷234(6)

William Byer, Jr., Byer & Byer, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received an enhanced sentence of sixty (60) years.

The facts are: On August 29, 1990, guards at the Indiana Reformatory noticed two inmates fighting. They testified that one inmate, later identified as appellant, lunged toward the second inmate and struck him in the chest with what appeared to be a knife. The guards shouted at the inmates to stop fighting, whereupon appellant struck the decedent one more time in the chest, then fled. He was pursued and apprehended by the guards. At that time, they discovered a knife sheath on him. A further search disclosed the knife discarded along appellant's path of retreat. The victim, Sam Miller, died of stab wounds to the chest.

Appellant claims that because of prior threats by Miller he feared for his safety, that Miller attacked him with a knife and that he was successful in obtaining the knife and striking Miller to defend himself.

Appellant contends the trial court erred in refusing to grant a mistrial because no black persons were on the jury

panel. He points out that both appellant and the victim were black. It is true that a fair cross-section of the population should be used in acquiring juries. *Duren v. Missouri* (1979), 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579. However, a challenge to the racial composition of a jury must demonstrate a purposeful discrimination. *See Smith v. State* (1984), Ind., 465 N.E.2d 1105.

■ In the case at bar, there is no showing nor is there even an allegation that Madison County officials, responsible for calling prospective jurors, engaged in any type of discrimination. From all that can be determined and from this record, the fact that no black persons appeared on the jury venire was purely coincidental. There is no evidence that any black persons were excluded from the lists of citizens used in making the selection.

■ The trial judge did not err in refusing to grant a mistrial on this ground. *See Concepcion v. State* (1991), Ind., 567 N.E.2d 784; *Bond v. State* (1989), Ind., 533 N.E.2d 589. The fact that systematic and intentional exclusion of a particular class of persons from a jury is prohibited does not require that a particular class be represented. *Tewell v. State* (1976), 264 Ind. 88, 339 N.E.2d 792.

Appellant claims the trial court erred in overruling his challenge for cause of potential jurors Darnell and Kramer. Darnell testified during *voir dire* that her brother was a reformatory guard, and she indicated she would tend to believe guards more than inmates. She in fact was removed by appellant by the exercise of a peremptory challenge. At the time Kramer was being examined on *voir dire*, appellant also was questioning a Mrs. Krebs. Appellant used his last remaining peremptory challenge to challenge Krebs which left Kramer on the panel. He then approached the bench to ask that he be given more peremptory challenges in order to challenge Kramer since the court had refused to dismiss her for cause.

Mrs. Kramer had stated upon questioning by appellant's counsel that she would have a tendency to believe the guards over

inmates. However, when the trial judge read the instruction to her concerning the weighing of evidence, she indicated that she in fact could follow the instruction. There is nothing in the *voir dire* of Kramer that would indicate a bias or prejudice against appellant. The trial court did not err in denying appellant's challenge for cause. *See Porter v. State* (1979), 271 Ind. 180, 391 N.E.2d 801, *overruled on other grounds*, 274 Ind. 473, 412 N.E.2d 778.

■ Appellant contends the trial court erred in holding that if appellant placed in evidence the character and reputation of the victim, such would open the door for the State to present the character and reputation of appellant. Appellant had invoked the defense of self-defense and was proposing to show the character and reputation of the decedent in order to bolster such defense. However, the trial court was correct in its ruling that when one interposes self-defense, this opens the door for the State to present evidence to rebut that defense. *Berkley v. State* (1986), Ind., 501 N.E.2d 399. Following the ruling of the court, appellant chose not to present such evidence; thus the jury heard neither the reputation and character of the victim nor of appellant.

Appellant claims the trial court erred in permitting the State to introduce its Exhibit No. 20. This exhibit consisted of a letter purportedly written by Randy Collins, an inmate of the reformatory, who was called as a witness for appellant. Following Collins' direct testimony, the State on cross-examination presented the letter he purportedly had written which was contradictory to his description of what he had seen in the fight between appellant and the victim.

■ Appellant contends the letter should not have been permitted in evidence because the State did not include the letter in response to a discovery order for all papers and documents in the possession of the State. However, as the State points out, the letter had come into the possession of the State after the trial had started, and it was not used by the State in its case-in-

chief. The letter was used only to rebut the testimony of Collins.

The purpose of pretrial discovery is to prevent unfair surprise, allowing a defendant sufficient time to prepare his case. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290. However, rebuttal evidence does not constitute discoverable evidence, *Id.*, nor was the letter exculpatory of appellant. It was not until after Collins had testified that the letter in any way became relevant. The trial court did not err in admitting the letter in evidence.

Appellant claims the trial court erred in sustaining the State's objection to his Exhibit B. Exhibit B was a letter written to the Department of Correction by a paralegal in the office of an attorney who was representing appellant on a different matter. The letter did request transfer of appellant to a different unit because he felt he was in a dangerous situation. However, the letter in no way made any reference to the decedent; thus the trial court held that it was not germane to the issues in this case.

It is true that any evidence, even if it is inconclusive, which tends to connect a person with a crime, is admissible. *Taylor v. State* (1992), Ind., 587 N.E.2d 1293. However, the court's ruling on the admissibility of such evidence is accorded wide latitude. *Id.* Inasmuch as the letter failed to make any reference to the decedent in this case, the trial court did not err in excluding it. *See Begley v. State* (1981), 275 Ind. 235, 416 N.E.2d 824.

Appellant contends the trial court erred in sustaining the State's objection to the cross-examination of Brad Fullerton, a guard at the reformatory. During the State's case-in-chief, Fullerton testified that he had observed the attack of appellant on Miller. Fullerton again was called by the State in its rebuttal case. During the rebuttal testimony, Fullerton testified that he saw Miller, the alleged victim, walk by him toward the back alley approximately fifteen seconds prior to the altercation.

Defense counsel then attempted to cross-examine Fullerton as to which of the two combatants had their back against the fence during the altercation. The State's objection on the ground that it was beyond the scope of cross-examination at that time was sustained by the trial court because it was merely a rehashing of the testimony covered in the State's case-in-chief. The scope of rebuttal and surrebuttal evidence is within the discretion of the trial court. *Darby v. State* (1987), Ind., 514 N.E.2d 1049; *Berkley, supra.* The decision as to whether to allow the party to reopen the case lies within the sound discretion of the trial court. *Walker v. State* (1992), Ind., 587 N.E.2d 675; *Ford v. State* (1988), Ind., 523 N.E.2d 742.

Fullerton's original testimony was that although he saw the fight in progress he was at such a distance he was not able to identify either of the combatants until later. Appellant takes the position that because Fullerton testified that he had seen the victim walk past him within fifteen seconds of the attack it would tend to rebut his testimony that he was unable to identify each of the inmates as they struggled. This does not appear to be an issue in view of the fact that witnesses were able to later identify appellant as the one who was striking the other person in the chest. We see no abuse of the trial court in stopping the continuation of this line of questioning.

Appellant claims there is insufficient evidence to support the jury's verdict that he was guilty of murder. He claims he had presented sufficient evidence to support his claim of self-defense in that he had presented evidence that Miller had threatened him in the past. He also contends that he was in a place where he had a right to be, that he acted without fault, and that he had reasonable fear of death or great bodily harm. He also points to his own testimony that it was the victim who initially had the knife.

However, in view of the testimony of the officers who witnessed the attack and the fact that at the time of his apprehension appellant still had the knife sheath on his person even though he had discarded the knife along his path of flight, it was rea-

sonable for the jury to determine that it in fact was appellant who possessed the knife, that Miller was unarmed, and that appellant was the aggressor in the attack. As appellant points out, this Court will not reweigh facts. *Fleming v. State* (1991), Ind., 579 N.E.2d 73.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

DeBRULER and KRAHULIK, JJ., concur in result.