**James L. WILSON, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S05–9412–CR–1214.

Supreme Court of Indiana.

Dec. 16, 1994.

Rehearing Denied April 12, 1995.

James L. Wilson, pro se.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

The defendant, James L. Wilson, was convicted of attempted murder and carrying a

handgun without a license. The Court of Appeals affirmed. *Wilson v. State* (1994), Ind.App., 635 N.E.2d 1109. We grant transfer.

In his appeal of the convictions, the defendant raises four issues: 1) refusal to exclude the testimony of certain witnesses, 2) evidence insufficiency, 3) improper jury instruction as to the elements of attempted murder, and 4) unreasonableness of sentence. With respect to the contentions of error in refusing to exclude testimony and insufficiency of evidence, we summarily affirm the Court of Appeals. Ind.Appellate Rule 11(B)(3).

■ The defendant contends that the giving of Final Instruction No. 15 [1] was fundamental error and requires reversal of his conviction. As the defendant asserts, the State concedes, and the Court of Appeals recognized, the instruction is virtually identical to one which we disapproved in *Hill v. State* (1993), Ind., 615 N.E.2d 97. As in *Hill,* the instruction improperly permitted the jury to convict on the lesser intent of "knowingly."

> [A]n instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with the intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

*Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 950, *quoted with approval in Simmons v. State* (1994), Ind., 642 N.E.2d 511. Final Instruction No. 15 is improper.

Citing *Jackson v. State* (1991), Ind., 575 N.E.2d 617, the State argues that, because the defendant failed to object to the instruction at trial, reversal should not result. It contends that the instruction is not fundamental error but rather was cured by other instructions which informed the jury that the State had alleged that the defendant had "attempted to kill," that the State had the burden of proof, and that intent to kill may be found from certain specified factors. In *Jackson,* we affirmed a conviction in spite of its reference to "knowingly" for two reasons: (1) the instruction also required the jury to find that the defendant was "attempting to kill" the victim, and (2) the central issue of the trial was *not* the gunman's intent—the victim was shot in the neck from a distance of inches. *Id.* at 621.

■ The present case resembles *Beasley v. State* (1994), Ind., 643 N.E.2d 346, rather than *Jackson,* in that Final Instruction No. 15 did not logically require the jury to conclude that this defendant intended to kill. Likewise, it affirmatively misinformed the jury that the required intent was "knowingly." *See Beasley,* 643 N.E.2d at 347. Furthermore, unlike the allegedly curative instructions in *Jackson,* those in the present case were neither incorporated into nor located immediately adjacent to the erroneous instruction. In addition, the issue of intent was a principal issue in the case before us, because the factual circumstances of the present case did not so clearly compel an inference of intention to kill as in *Jackson.*

---

1. Final Instruction No. 15 read as follows:

> A PERSON ATTEMPTS TO COMMIT A CRIME WHEN HE KNOWINGLY OR INTENTIONALLY ENGAGES IN CONDUCT THAT CONSTITUTES A SUBSTANTIAL STEP TOWARD THE COMMISSION OF A CRIME.
> AN ATTEMPT TO COMMIT A CRIME IS A FELONY OR MISDEMEANOR OF THE SAME CLASS AS THE CRIME ATTEMPTED.
> THE CRIME OF MURDER IS DEFINED BY STATUTE AS FOLLOWS:
> A PERSON WHO KNOWINGLY OR INTENTIONALLY KILLS ANOTHER HUMAN BEING COMMITS MURDER.
> TO CONVICT THE DEFENDANT OF ATTEMPTED MURDER, THE STATE MUST HAVE PROVED EACH OF THE FOLLOWING ELEMENTS:
> THE DEFENDANT JAMES L. WILSON

> 1. KNOWINGLY OR INTENTIONALLY
> 2. ENGAGED IN CONDUCT BY KNOWINGLY SHOOTING A DEADLY WEAPON; TO–WIT A HANDGUN AT AND AGAINST THE PERSON OF FRANK DEWEY POSKON.
> 3. WHICH CONDUCT CONSTITUTES A SUBSTANTIAL STEP TOWARD THE KNOWING OR INTENTIONAL KILLING OF ANOTHER HUMAN BEING.
> IF THE STATE FAILED TO PROVE EACH OF THE ELEMENTS BEYOND A REASONABLE DOUBT, THE DEFENDANT SHOULD BE FOUND NOT GUILTY.
> IF THE STATE DID PROVE EACH OF THE ELEMENTS BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY OF ATTEMPTED MURDER, A CLASS A FELONY.

Record at 107.

Finally, Final Instruction No. 15 purported to list the elements of attempted murder but erroneously informed the jury that it could convict the defendant if he *knowingly* acted against the victim. This cannot be cured by another instruction. *Greer v. State* (1994), Ind., 643 N.E.2d 324, 327; *Beasley*, 643 N.E.2d at 348; *Spradlin*, 569 N.E.2d at 950.

The attempted murder conviction must therefore be reversed. Because we reverse the conviction for attempted murder, we need not address the defendant's appellate claim of sentence unreasonableness.

Transfer is granted. The opinion of the Court of Appeals is vacated except where summarily affirmed. The defendant's conviction for carrying a handgun without a license is affirmed. The conviction for attempted murder is reversed and said cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, and SULLIVAN, JJ., concur.

GIVAN, J., dissents without separate opinion.