**Justin Jonathan COOK, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 02S00–9509–CR–1047.

Supreme Court of Indiana.

Dec. 23, 1996.

Gregory L. Fumarolo, Deputy Public Defender, Fort Wayne, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

Defendant Justin Jonathan Cook appeals his conviction for Murder[1] for which he received a sentence of sixty years. We affirm defendant's conviction in all respects.

## Background

On the morning of February 22, 1994, the manager of a local business in Fort Wayne discovered the body of 29 year old Bryan Overman on the driveway outside the business. Overman had been shot in the back and killed.

Based on the three statements offered by persons allegedly involved in the killing, the following set of facts emerged. During the early morning of February 22, 1994, three young men ranging in age from sixteen years old to twenty-four years old and defendant were riding around in a car. During the ride the four encountered Overman and attempted to rob him. Overman ran away. A short time later, the four spotted Overman again. The driver of the car pulled over and defendant stuck a gun outside the car window and demanded money from Overman. When Overman began to run away, defendant fired a shot through the window. Defendant then got out of the car and fired another shot. After Overman fell to the ground, defendant fired yet one more time.

On July 25, 1994, defendant was charged with Attempted Robbery as a class A felony[2] and Murder. The state moved to dismiss the robbery charge, which the court granted, and the trial proceeded on the murder charge. On April 21, 1995, the jury returned a verdict of guilty.

## Discussion

### I

Defendant first argues that the trial court erred in denying his motion to exclude cer-

---

1. Ind.Code § 35-42-1-1 (1993).

2. Ind.Code § 35-42-5-1 (1993).

tain evidence offered by the state or in the alternative grant defendant a continuance.

On April 17, 1995, two days before jury selection began, the state provided defendant with evidence that defendant's fingerprints were found on a letter that the state had had in its possession since July of 1994. The state had received the fingerprint analysis that day. The letter was from the girlfriend of defendant and contained incriminating statements by defendant about himself. On April 18, defendant made a motion to exclude the fingerprint evidence or in the alternative grant defendant a continuance. The court denied defendant's motion, but recessed half way through the day for the rest of the day and told defendant to examine the fingerprint evidence during that time. The next day, defendant renewed the motion from the previous day and the court again denied it. Defendant contends that this denial was error that caused him substantial prejudice.

■ Where the state seeks to introduce discoverable evidence at the time that that evidence is revealed to the defendant, defendant may seek either a continuance or exclusion of that evidence. *Coppock v. State*, 480 N.E.2d 941, 944 (Ind.1985). A continuance is usually the appropriate remedy. *Woodcox v. State*, 591 N.E.2d 1019, 1026 (Ind.1992). However, exclusion of evidence is proper where the state engaged in deliberate conduct or bad faith or where introduction of the evidence would result in substantial prejudice to defendant's rights. *Jenkins v. State*, 627 N.E.2d 789, 799 (Ind.1993), *cert. denied* — U.S. —, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994); *Coppock*, 480 N.E.2d 941, 944. The trial court's decision will not be overturned absent clear error. *Kindred v. State*, 540 N.E.2d 1161, 1179 (Ind.1989).

■ Here we cannot say that the trial court erred in refusing to exclude the fingerprint evidence. First, there is no evidence that the state acted in bad faith when it notified defendant of the fingerprint evidence in April of 1995, even though the state had the letter in its possession since the summer of 1994. At the time the state acquired the letter, defendant's girlfriend was going to testify that she knew the letters were written by defendant because of the handwriting and certain comments in the letters that only defendant would know. Therefore, there was no reason to test for fingerprints. Later, however, in April of 1995, the state became aware of a threatening letter sent to defendant's girlfriend. It was at that time that the state felt it necessary to conduct a fingerprint analysis to determine if the person who wrote the threatening letter was also the person who wrote the earlier letter. Once the state received the results of the fingerprint analysis, it immediately turned those results over to defendant. There was a valid reason for the state's delay in conducting the fingerprint analysis and as such, we see no indication of bad faith.

■ Second, we cannot say that defendant suffered substantial prejudice as a result of the admission of the fingerprint evidence. Even without the fingerprint evidence, the state had ample evidence to show that defendant wrote the letter, *i.e.,* defendant's girlfriend recognized defendant's handwriting and statements contained in the letter revealed knowledge only defendant would know. The trial court did not err in refusing to exclude the fingerprint evidence.

■ We also conclude that the trial court did not err in denying defendant's motion for a continuance. The trial court in effect granted defendant a half day continuance by recessing early after jury selection for the rest of the day. The trial court determined that that amount of time was adequate for an experienced defense attorney such as defendant's attorney here. We will not reverse a trial court's order relating to discovery unless there is clear error. *Kindred*, 540 N.E.2d at 1179. Defendant has not shown us that the trial court's decision constituted clear error.

II

Defendant also claims that the trial court erred in excluding one of defendant's witnesses, Carol Kindler.

The state provided to defendant as part of discovery a police report containing Kindler's statement that she heard at least six gunshots on the morning of the murder. With-

out first listing Kindler as a defense witness before trial, defendant attempted to call her as a witness at trial. The court excluded this testimony, stating that defendant intentionally did not list Kindler as a potential witness before trial and therefore could not introduce her testimony at trial. We conclude that the court erred in excluding this testimony.

■ The same test for determining whether evidence should be excluded, as enumerated above with respect to the state's fingerprint evidence, applies to defendant's evidence. *Wilson v. State*, 635 N.E.2d 1109 (Ind.Ct.App.1994), *reversed in part on other grounds* 644 N.E.2d 555 (same rules of law apply whether state or defendant moves to strike witnesses following noncompliance with discovery). That is, that evidence revealed at the time it is sought to be introduced will be excluded if there is evidence of bad faith or substantial prejudice. *Jenkins*, 627 N.E.2d at 799.[3]

■ We conclude that the trial court erred in excluding Kindler's testimony, as we see no evidence of bad faith or of substantial prejudice to the state. Since the state named Kindler in its discovery materials and was aware of her statement, it would be difficult to conclude that the state would have been surprised[4] by her testimony and therefore substantially prejudiced. Also, generally, a continuance rather than exclusion is the appropriate remedy in this situation. *Woodcox v. State*, 591 N.E.2d at 1026. Because there is no evidence of bad faith or substantial prejudice, the trial court should not have excluded Kindler's testimony.

■ Even though we conclude that the trial court erred in excluding Kindler's testimony, an improper evidentiary ruling does not constitute reversible error if the probable impact on the jury does not impact the substantial rights of defendant. *Fleener v.*

*State*, 656 N.E.2d 1140, 1142 (Ind.1995). Although this evidence may have proved beneficial for defendant in that Kindler's testimony that there were six shots would have been different from the state's theory that three shots were fired, the state produced multiple eyewitnesses claiming that they actually witnessed defendant fire repeatedly at the victim. The evidence of defendant's guilt presented at trial was overwhelming. Therefore, the error here was sufficiently minor so that it did not affect the substantial rights of defendant. The trial court's error in excluding Kindler's testimony was harmless.

### III

Defendant next claims that his attorney's failure to list Kindler as a witness constituted ineffective assistance of counsel.

The state argues that defendant's claim that he was denied effective assistance of counsel is unavailable on direct appeal because defendant's counsel for this appeal also served as defendant's counsel at trial, citing *Cornelius v. State*, 575 N.E.2d 20, 21 (Ind.Ct. App.1991), *trans. denied* (ineffective assistance of counsel not available on direct appeal where trial and appellate counsel are the same).

We do not agree with the Court of Appeals in *Cornelius* that an ineffective assistance of counsel claim is necessarily unavailable on direct appeal where the trial and appellate counsel are the same. In fact, we have held that although, in general, failure to raise a claim for ineffective assistance of trial counsel on direct appeal results in waiver of that issue, "when the same attorney represents a defendant both at trial and on appeal and does not raise on appeal the issue of trial counsel ineffectiveness, we have been reluctant to apply waiver...." *Spranger v. State*, 650 N.E.2d 1117, 1121 (Ind.1995). *See also*

---

3. We note that five factors may also be helpful in determining whether to exclude the testimony of witnesses: (i) when the parties first knew of the witness; (ii) the importance of the witness's testimony; (iii) the prejudice resulting to the opposing party; (iv) the appropriateness of lesser remedies such as continuances; and (v) whether the opposing party would be unduly surprised and prejudiced by the inclusion of the witness's testimony. *Woodcox*, 591 N.E.2d 1019, 1026. After

reviewing these factors, we continue to conclude that the trial court erred in excluding Kindler's testimony.

4. The primary purpose behind requiring pre-trial discovery of witnesses is to prevent unfair surprise. *Smith v. State*, 609 N.E.2d 1088, 1091 (Ind.1993).

*Askew v. State,* 500 N.E.2d 1219, 1220 (Ind. 1986) (where appellant did not raise issue of ineffective assistance of counsel on direct appeal and where trial and appellate counsel were the same, court held failure to raise issue on direct appeal did not result in waiver). Thus, we have not said that it is necessarily inappropriate to raise an ineffective assistance of counsel claim on direct appeal where the trial and appellate counsel are the same—we have simply said that if not raised on direct appeal, waiver may not apply. Therefore, we go on to address the merits of defendant's claim.

In order to prevail on a claim of ineffective assistance of counsel, defendant must show that (i) defense counsel's representation fell below an objective standard of reasonableness and (ii) there is a reasonable probability that the result of the proceeding would have been different but for defense counsel's inadequate representation. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Douglas v. State,* 663 N.E.2d 1153, 1154 (Ind.1996). We presume that counsel's performance was adequate. *Id.; Butler v. State,* 658 N.E.2d 72, 78 (Ind. 1995).

As we discussed in part II above, Kindler's failure to testify did not substantially prejudice defendant. Her testimony would not have added much to defendant's case and in light of the overwhelming evidence provided by the state, her testimony would certainly pale in comparison. We conclude that defense counsel's failure to list Kindler as a defense witness was strategic and that in any event, even if he had listed Kindler as a witness, there is no reasonable chance that the outcome of the trial would have been different. Therefore, defendant's ineffective assistance of counsel claim must fail.

## IV

Finally, defendant argues that there was insufficient evidence presented at trial to support his conviction.

When reviewing an insufficiency of evidence claim, our court does not weigh evidence or assess the credibility of witnesses. *Corn v. State,* 659 N.E.2d 554, 558 (Ind.1995). We will affirm a conviction if, after considering the reasonable inferences and probative evidence supporting the verdict, we conclude that a reasonable trier of fact could find each element of the charged crime beyond a reasonable doubt. *Greenlee v. State,* 655 N.E.2d 488, 492 (Ind.1995).

Defendant maintains that the state provided insufficient evidence to show that he intentionally shot Overman and therefore there is insufficient evidence to support his murder conviction.[5] After reviewing the probative evidence provided by the state, we cannot agree with defendant. The state's evidence included testimony from several witnesses who testified that defendant fired three times at the victim. One witness testified that defendant stated that it was the victim's "own fault" for running from defendant. Also, at least two witnesses testified that when the victim continued to run after the first shot, defendant got out of the car and positioned himself with two hands on the gun and then fired twice more. Intent to kill may be inferred by defendant's use of a deadly weapon in a manner likely to cause death. *Cate v. State,* 644 N.E.2d 546, 548 (Ind.1994). Firing three shots in the direction of the victim undoubtedly constitutes using a deadly weapon in a manner likely to cause death. We find that in this case a reasonable trier of fact could have concluded beyond a reasonable doubt that defendant committed murder.

### Conclusion

Therefore, we affirm defendant's conviction.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

---

5. Pursuant to Ind.Code § 35–42–1–1, murder requires proof of intent.