## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jeffrey D. Stonebraker
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeannie M. Hess,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 13,2015

Court of Appeals Case No.
10A05-1407-CR-317

Appeal from the Clark Circuit Court
The Honorable Vicki L. Carmichael
Cause No. 10C04-1110-FC-210

**Bailey, Judge.**

## Case Summary

[1] Jeannie M. Hess ("Hess") challenges her adjudication as a habitual offender,[1] presenting the sole issue of whether she was denied the effective assistance of counsel during the habitual offender phase of her trial for burglary.  We affirm.

## Facts and Procedural History

[2] On February 26, 2014, a jury convicted Hess of Burglary, as a Class C felony.[2] Immediately after the verdict was returned, the jury reconvened for the habitual offender phase of the proceedings.[3]  The prosecutor and defense counsel made brief opening statements.  The prosecutor then addressed the jury and proffered certain exhibits for the jury's consideration.  Defense counsel declined to make a closing statement, and the trial court remanded the jury to the jury room to conduct deliberations.

[3] In a sidebar conference,[4] the prosecutor indicated he was unsure if he had made a formal motion to admit the exhibits that had been provided to the jury.  The

[1] Ind. Code § 35-50-2-8.

[2] Ind. Code § 35-43-2-1.  Burglary is now classified as a Level 1, 2, 3, 4, or 5 felony.  We refer to the version of the statute in effect at the time of Hess's offense.

[3] Hess was not present at this time to assist in her defense.  Hess left during jury deliberations on the underlying charge, and her counsel reported to the trial court that he had been unable to communicate with her by cell phone or text.

[4] It is unclear whether the jury was still in the courtroom.  The transcript includes the following information as to the sequence of events:
Court:  you are now remanded to the jury room for your deliberations on this phase of the trial.
JURY RETIRES TO DELIBERATE
Prosecutor:  Judge, may we approach *before*? (emphasis added)
Court:  Yes, please do.

trial court, with no objection from defense counsel, stated: "we will show that those Exhibits are admitted." (Tr. 212.)

[4] Hess was found to be a habitual offender. On June 9, 2014, Hess was sentenced to eight years for the burglary conviction, to be enhanced by six years due to her status as a habitual offender. This appeal ensued.

# Discussion and Decision

[5] Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Id.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. *Dobbins v. State*, 721 N.E.2d 867, 873 (Ind. 1999) (citing *Strickland*, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687; *see also Douglas v. State*, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cook v. State*, 675 N.E.2d 687, 692 (Ind.

---

SIDEBAR
(Tr. 212.)

1996).  The two prongs of the *Strickland* test are separate and independent inquiries.  *Strickland*, 466 U.S. at 697.  Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

[6]    We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions.  *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002).  Counsel is to be afforded considerable discretion in the choice of strategy and tactics.  *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001).  Counsel's conduct is assessed based upon the facts known at the time and not through hindsight.  *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind. 1997).  We do not "second-guess" strategic decisions requiring reasonable professional judgment even if the strategy in hindsight did not serve the defendant's interests.  *Id.*  In sum, trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness.  *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998).

[7]    Hess contends that her trial counsel was ineffective for failing to make a closing statement or lodge an objection when exhibits were presented to the jury without explicit admission into evidence.  In essence, she claims that defense counsel failed to correct the prosecutor's oversight and did nothing to defend her against the habitual offender allegation.

[8] Certainly, it would have been procedurally preferable for defense counsel to have insisted upon documents being withheld from the jury until formally admitted into evidence. However, Hess does not claim that she had a viable defense to the habitual offender allegation that her counsel failed to pursue. She does not claim to be a victim of misidentification. She does not claim that she lacks predicate felony convictions to support the habitual offender adjudication. Although defense counsel stood silent in the habitual offender proceedings after the opening statement, Hess was not prejudiced by the silence.

[9] Affirmed.

Robb, J., and Brown, J., concur.