## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 28 2016, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Public Defender's Office
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Juan Hernandez, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 28, 2016 <br><br> Court of Appeals Case No. 18A02-1604-CR-816 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Thomas A. Cannon, Jr., Judge <br><br> Trial Court Cause No. 18C05-1501-MR-1 |

**Najam, Judge.**

## Statement of the Case

Juan Hernandez appeals his convictions for voluntary manslaughter, a Level 2 felony, and battery, as a Level 5 felony, following a jury trial. Hernandez raises two issues for our review, which we consolidate and restate as whether the trial court abused its discretion when it denied Hernandez the opportunity to present certain evidence in support of his claim of self-defense. We affirm.

## Facts and Procedural History

In 2013-14, Hernandez and Teresa Hittson were involved in a sexual relationship. At the time, Teresa was married to Mark Hittson, although she had filed for dissolution of their marriage. In early 2014, however, Teresa withdrew her dissolution petition and, instead, later called off her relationship with Juan. But Juan continued to interact with Teresa and Mark. Mark and Juan did not get along.

On January 13, 2015, the three were in a vehicle together when Juan and Mark got into an altercation. Juan and Mark exited the vehicle, and the two began to fight. After Mark had punched him, Juan punched Mark and Mark appeared to momentarily lose consciousness before sliding down the side of the vehicle and onto the ground. At some point during the altercation, while Juan and Mark were in close proximity to each other, Juan removed a large serrated knife that was on his person and stabbed Mark in the back eleven times. The wounds almost immediately killed Mark. Juan then went back to the car for a moment, but he returned to Mark's body, which was motionless on the ground, straddled

him, and stabbed him another twelve times in the chest. Teresa watched those events occur, as did an unrelated witness, Robert Brancecum.

[4] The State charged Juan with murder, a felony; voluntary manslaughter, a Level 2 felony; and battery, as a Level 5 felony. At his ensuing jury trial, on the third day, Hernandez sought to call a previously undisclosed witness, Matthew Waller. The trial court excluded Waller from testifying. Had he been called, Waller would have testified that he knew that Mark owned a gun and that Mark had said he would use that gun on Juan if he had to. Hernandez also sought to introduce evidence that, in 2004, Mark had shot a gun in the presence of law enforcement officers who had responded to a report of domestic violence between him and Teresa. The trial court also excluded that evidence.

[5] However, the trial court permitted the following evidence to be admitted: evidence that Mark and Teresa had a violent relationship, with Mark as the initial aggressor; evidence that Teresa had told Juan of some of those incidents prior to the January 13, 2015, altercation; evidence that Mark often carried a firearm on his person; evidence that Mark was generally known to be a violent person; and evidence that, in the car on January 13, 2015, immediately before the altercation between Juan and Mark, Teresa had told Juan that Mark had a gun on him. Thereafter, the jury acquitted Hernandez of murder but found him guilty of voluntary manslaughter and battery. The trial court entered its judgment of conviction and sentence accordingly. This appeal ensued.

# Discussion and Decision

[6] Hernandez contends that the trial court abused its discretion when it prohibited him from calling Waller and from presenting evidence that Mark shot a firearm in the presence of police officers in 2004. A trial court has broad discretion in ruling on the admission of evidence, and we review those rulings only for an abuse of discretion. *See, e.g.*, *Vasquez v. State*, 868 N.E.2d 473, 476 (Ind. 2007). But even if a trial court errs in the exclusion of evidence, "an improper evidentiary ruling does not constitute reversible error if the probable impact on the jury does not impact the substantial rights of defendant."[1] *Cook v. State*, 675 N.E.2d 687, 691 (Ind. 1996).

[7] Hernandez asserts that the trial court's exclusion of Waller's testimony and the 2004 incident adversely impacted his defense to the jury that he had acted in self-defense when he stabbed Mark.[2] A valid claim of self-defense is a legal justification for an otherwise criminal act. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999). However, the amount of force used to protect oneself must be proportionate to the urgency of the situation. *Id.* "'Where a person has used more force than necessary to repel an attack the right to self-

---

[1] We reject Hernandez's assertion that any error by the trial court must be reviewed as harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18 (1967). To be sure, however, applying that standard would not change our conclusion.

[2] Hernandez also appears to suggest that the trial court erred in excluding evidence that Mark and Teresa had a violent relationship and that Mark had threatened acts of violence against Juan. *See* Appellant's Br. at 15-16. But Hernandez acknowledges that the trial court permitted evidence that supported both of those concerns. Insofar as Hernandez complains that the trial court erred when it did not admit cumulative evidence, we will not consider that argument. *See, e.g.*, *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012).

defense is extinguished, and the ultimate result is that the victim then becomes the perpetrator.'" *Id.* (quoting *Geralds v. State*, 647 N.E.2d 369, 373 (Ind. Ct. App. 1995), *trans. denied*). Indeed, "'[w]hen danger of death or great bodily harm ceases, the right of self-defense ceases with it.'" *Fuentes v. State*, 952 N.E.2d 275, 279 (Ind. Ct. App. 2011) (quoting *Schlegel v. State*, 238 Ind. 374, 383, 150 N.E.2d 563, 567 (1958)), *trans. denied*. Thus, evidence that demonstrates the use of violent force beyond that necessary to repel an initial aggressor will "undercut a claim of self-defense." *Id.* at 279-80 (discussing *Mayes v. State*, 744 N.E.2d 390, 395-96 (Ind. 2002)).

[8] For example, in *Fuentes* we held any error in the trial court's jury instructions on self-defense was harmless because the evidence demonstrated that the defendant shot the victim after the victim had appeared to surrender during an altercation with the defendant. *Id.* at 280. As we stated, "any threat [the victim] had posed to [the defendant] had been neutralized, and [the defendant's] right to self-defense therefore ceased." *Id.* Accordingly, we concluded that "the jury could not have properly found that [the defendant had] acted in self-defense . . . ." *Id.*

[9] Similarly here, in light of the substantial evidence before it, the jury could not have properly found that Hernandez acted in self-defense even if the trial court had admitted Hernandez's proffered evidence. In particular, the evidence before the jury demonstrated that Hernandez had stabbed Mark twenty-three times in the course of a fist-fight. Hernandez first stabbed Mark eleven times in the back. Hernandez then stepped away from Mark momentarily before straddling Mark's motionless body while it laid on the ground and stabbing him

another twelve times in the chest.  As the State notes, Hernandez's actions went beyond the proportional repelling of an aggressor and "ensur[ed] that Mark would have no chance of survival."  Appellee's Br. at 23.  Accordingly, no reasonable jury could have concluded that Hernandez acted in self-defense, even if the trial court had admitted the proffered evidence.  Thus, any error in the trial court's decision to exclude that evidence is harmless.  We affirm Hernandez's convictions.

Affirmed.

Bailey, J., and May, J., concur.