## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2017, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas Matthew Holmes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 28, 2017

Court of Appeals Case No.
82A01-1608-CR-1812

Appeal from the Vanderburgh
Superior Court

The Honorable Robert J. Pigman,
Judge

Trial Court Cause No.
82D03-1509-F6-5611

**Crone, Judge.**

## Case Summary

Following a jury trial, Nicholas Matthew Holmes appeals his conviction for level 6 felony failure to return to lawful detention. He argues that the trial court erred in admitting the State's belatedly disclosed evidence and that his conviction is not supported by sufficient evidence. We affirm.

## Facts and Procedural History

Holmes was sentenced to work release for a prior conviction and reported to the Vanderburgh County Therapeutic Work Release Center on August 24, 2015. A clerk presented him with a contract containing the terms and conditions of his placement. The contract states in pertinent part, "I understand that failure to return to the Work Release Facility as scheduled or being in an unauthorized location may subject me to criminal prosecution." State's Ex. 1. It also states, "I understand that I am not to leave my place of employment or any other approved location without prior approval of Vanderburgh County Community Corrections." *Id*. And finally, it states, "This contract has been read and explained to me and my signature below acknowledges that I have fully read and fully understand all terms and conditions of this contract. I further acknowledge that I have initialed each and every term of this Work Release Contract as I have read and understood each term." *Id*. Holmes signed the contract but did not initial any of the terms.

Two days later, work release case manager Mike Peeler met with Holmes and performed an initial assessment and explained the center's procedures. Holmes

got a job outside the center and worked a shift that ended at 11:00 p.m. Peeler gave Holmes "ninety minutes to ride a bicycle" back to the center after his shift "or two hours to get back by bus." Tr. at 22. On September 11, Peeler met with Holmes, who demonstrated awareness of how to schedule excused absences from the center. At 12:50 that afternoon, Holmes left the center to go to work and did not return. He was arrested over two weeks later.

[4]     On September 16, 2015, the State charged Holmes with level 6 felony failure to return to lawful detention. On November 2, 2015, Holmes filed a motion for discovery requesting the names and statements of the State's intended witnesses as well as any documents that the State intended to use in its prosecution. Trial was set for June 16, 2016. The State did not provide Holmes with a copy of the work release contract until June 15 and did not provide him with its witness and exhibit list until the morning of trial. Holmes filed a motion in limine requesting the exclusion of documents or witnesses not identified prior to trial, which the trial court denied. During trial, Holmes renewed his motion in limine and unsuccessfully objected to the testimony of two of the State's three witnesses and to the contract, which was the State's only exhibit. Holmes did not object to Peeler's testimony, however. The jury found Holmes guilty as charged, and he was sentenced to two years executed.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in admitting the State's belatedly disclosed evidence.

[5] Holmes contends that the trial court erred in admitting the State's belatedly disclosed evidence. A trial court has the discretion to exclude a belatedly disclosed witness when there is evidence of bad faith on counsel's part or a showing of substantial prejudice to the opposing party. *Williams v. State*, 714 N.E.2d 644, 651 (Ind. 1999), *cert. denied* (2000). The same is true for belatedly disclosed evidence. *Cook v. State*, 675 N.E.2d 687, 691 (Ind. 1996). "[G]enerally, a continuance rather than exclusion is the appropriate remedy in this situation." *Id*.

[6] Holmes has not established bad faith on the State's part, nor has he shown that he was prejudiced by the belated disclosure of the evidence. The State points out that Holmes "cross-examined the witnesses and asked questions about the contract during the State's presentation of evidence and does not now specify what additional information he could have presented had the evidence been disclosed earlier." Appellee's Br. at 11. The State further observes that Holmes did not object to Peeler's testimony and therefore waived any challenge to its admissibility on appeal. *See Carter v. State*, 634 N.E.2d 830, 832-33 (Ind. Ct. App. 1994) (noting that limine ruling is not final ruling on admissibility of evidence and that party must object at trial to preserve error for appeal). Also, Holmes did not ask for a continuance to interview the witnesses or review the

contract. Under these circumstances, we cannot say that the trial court abused its discretion in admitting the challenged evidence.[1]

## Section 2 – Sufficient evidence supports Holmes's conviction.

Holmes also contends that his conviction for level 6 felony failure to return to lawful detention is not supported by sufficient evidence. "Sufficiency-of-the-evidence claims face a steep standard of review: we consider only the evidence and reasonable inferences most favorable to the convictions, neither reweighing evidence nor reassessing witness credibility. We affirm the judgment unless no reasonable factfinder could find the defendant guilty." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016).

The State alleged that Holmes committed the crime by knowingly or intentionally failing to return to lawful detention following temporary leave granted for a specific purpose, i.e., employment. Appellant's App. at 11; Ind. Code § 35-44.1-3-4(c). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). At trial, Holmes stipulated that he was in lawful detention at the

---

[1] That said, we cannot condone the State's inexcusable delay in responding to Holmes's discovery request. One such delay may be considered an isolated oversight; multiple delays may be indicative of either incompetence or bad faith.

work release center.  On appeal, he argues that the State failed to prove that he acted with criminal intent in failing to return to the center.

[9] We disagree.  The evidence most favorable to the conviction is that Holmes knew that he was required to return to the center within a certain time after his shift and that failure to do so could subject him to criminal prosecution.  Based on that evidence, a reasonable inference could be drawn that Holmes acted with criminal intent in failing to return to the center after his shift on September 11. Holmes's arguments to the contrary are merely requests to reweigh evidence and reassess witness credibility, which we may not do.  Holmes's conviction is affirmed.

[10] Affirmed.

Riley, J., and Altice, J., concur.