## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 17 2018, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Derrick D. Armstead
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick D. Armstead,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

August 17, 2018

Court of Appeals Case No.
18A-PC-378

Appeal from the Posey Superior Court

The Honorable S. Brent Almon, Judge

Trial Court Cause No.
65D01-1510-PC-352

**Bailey, Judge.**

# Case Summary

Pro-se Appellant-Petitioner Derrick Armstead ("Armstead") appeals the denial of his petition for post-conviction relief, following his convictions of Attempted Murder and Battery, and his adjudication as a habitual offender. He presents the sole issue of whether he was denied the effective assistance of trial counsel. We affirm.

# Facts and Procedural History

The facts were recited by a panel of this Court on direct appeal, in relevant part, as follows:

> On July 29, 2013, Armstead and Christopher Bradshaw began arguing outside at the mobile-home community in which Christopher lived. Property manager Tyfney Bennett intervened and attempted to settle the dispute between the two. After Armstead's girlfriend and Christopher's wife began to argue, Bennett told Christopher's wife to call the police. Armstead then backed off, began walking away and said, "I will f***ing kill you all." Tr. p. 256.
>
> Soon thereafter, Larry Bradshaw, Christopher's father, arrived at the mobile home. Larry worked as a handyman for the property and was delivering materials to another trailer. When he arrived, Larry was unaware of the prior altercation between Christopher and Armstead. Upon exiting his truck, Larry noticed Armstead standing nearby and asked him if there was a problem. Armstead replied, "F*** yes there is, I am going to cut your f***ing throat." Tr. p. 290. Armstead then removed a folded knife from his pocket and approached Larry. Armstead's girlfriend also approached Larry carrying a baseball bat. The two attacked

Larry, Armstead stabbing him multiple times in the chest, arm, and back, and Armstead's girlfriend striking Larry in the head with the baseball bat. Christopher ran to aid his father but was in turn stabbed by Armstead in the chest and neck. Armstead admitted to stabbing Larry but contends that it was in retaliation after Larry poured gasoline on him. Larry testified that he did not pour or attempt to pour gasoline on Armstead.

*Armstead v. State*, No. 65A01-1408-CR-232, slip op. at 1 (Ind. Ct. App. Feb. 12, 2015).

[3] On April 11, 2014, a jury found Armstead guilty of Attempted Murder and multiple counts of Battery. Armstead was also adjudicated a habitual offender. The trial court entered judgments of conviction on Attempted Murder and one count of Battery. Armstead received an aggregate sentence of seventy-four years (thirty-eight years for Attempted Murder, enhanced by thirty years due to Armstead's habitual offender status, and six years for Battery, to be served consecutively).

[4] Armstead appealed, raising issues of prosecutorial misconduct and exclusion of evidence. Armstead's convictions were affirmed. *Id.* at 5.

[5] On October 1, 2015, Armstead filed a petition for post-conviction relief. On August 17, 2017, the post-conviction court conducted an evidentiary hearing, at which Armstead's trial counsel was the sole witness. On January 2, 2018, the post-conviction court issued its findings of fact, conclusions thereon, and order denying Armstead post-conviction relief. He now appeals.

# Discussion and Decision

## Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment of the post-conviction court unless the evidence unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* In this review, findings of fact are accepted unless they are clearly erroneous, and no deference is accorded to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

## Effectiveness of Trial Counsel

Armstead contends that he was denied the effective assistance of trial counsel because counsel failed to conduct a "full fact investigation," Appellant's Brief at 8, and failed to call two witnesses supportive of Armstead's defense of self-defense: Armstead's girlfriend, Deneca Finch ("Finch"), and her son Trey Bunch ("Bunch").

Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Id.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. *Dobbins v. State*, 721 N.E.2d 867, 873 (Ind. 1999) (citing *Strickland*, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687; *see also Douglas v. State*, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cook v. State*, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the *Strickland* test are separate and independent inquiries. *Strickland*, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." *Id.*

We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002). Counsel is to be afforded considerable discretion in the choice of strategy and tactics. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). Counsel's conduct is assessed based upon the facts known at the time and not through hindsight. *State v. Moore*, 678 N.E.2d

1258, 1261 (Ind. 1997). We do not "second-guess" strategic decisions requiring reasonable professional judgment even if the strategy in hindsight did not serve the defendant's interests. *Id.* In sum, trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness. *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998).

[10] Initially, Armstead contends that his trial attorney failed to conduct a sufficiently thorough investigation of the relevant facts. Armstead's trial counsel, John Warrum ("Warrum"), was the sole witness at the post-conviction hearing. As for his investigative efforts, Warrum testified that he reviewed Armstead's police statements and the body camera footage from the first responding officer. Warrum interviewed and deposed potential defense witnesses and met with members of Armstead's family. He estimated that he reviewed "five thousand times" a cell phone video made by one of the mobile home community residents. (Tr. Vol. II, pg. 33.) Armstead does not point to relevant evidence that would have surfaced with more diligent efforts on the part of trial counsel. He has not shown ineffectiveness in this regard. *See Coleman v. State*, 694 N.E.2d 269, 274 (Ind. 1998) (observing that the petitioner claiming inadequate consultation or investigation bears the burden of showing what additional information may have been garnered and how that additional information would have aided in the preparation of the case).

[11] Armstead also argues that his trial counsel should have called Finch and Bunch as witnesses to support Armstead's claim of self-defense. Warrum testified that

he deposed Finch but her deposition testimony that she was not wielding a bat contradicted the video image of her with a bat.  He decided not to call Finch as a witness for fear that the jury would find her testimony false and the credibility of the defense of self-defense would be undermined.  Warrum further testified that he had interviewed Bunch, who was too young to drive, and was brought to the interview by a relative.  Warrum explained that his decision not to call Bunch as a witness was based upon his fear that the youthful Bunch could be led into providing testimony harmful to Armstead's defense.  In Warrum's view, Bunch could have been questioned about what happened to the knife used to stab Larry but never recovered by police.  Also, Warrum feared that Bunch could "open the door" that "couldn't be shut," allowing the jury to hear about Armstead's prior conviction for Voluntary Manslaughter.  (Tr. Vol. II, pg. 36.)

[12]     In the context of an ineffective assistance of counsel claim, the decision of what witnesses to call is a matter of trial strategy and appellate courts do not second-guess that decision.  *Curtis v. State*, 905 N.E.2d 410, 415 (Ind. Ct. App. 2009).  Here, trial counsel explained that Armstead's defense was one of self-defense, but counsel had been placed in a very difficult position in that the trial witnesses and physical evidence did not support Armstead's version of events.  In addition to video incriminating Armstead, the pour pattern from spilled gasoline was near Larry's truck and not on Armstead's property as he had claimed.  However, counsel opined that the first responder's camera footage in which Armstead claimed he was attacked could be helpful to Armstead; the

video was admitted into evidence with redactions requested by counsel. The jury's ultimate rejection of the defense of self-defense was not due to inadequacy on the part of trial counsel. Trial counsel's efforts and strategy, although they did not ultimately achieve the result desired by Armstead, were not so unreasonable as to constitute ineffective assistance of counsel. *See Badelle v. State*, 754 N.E.2d 510, 539 (Ind. Ct. App. 2001) (deciding in relevant part that, when trial counsel's efforts were "more than adequate" to support a chosen defense, counsel's decision not to seek out additional witnesses was a judgment call within the wide range of reasonable assistance), *trans. denied*.

# Conclusion

[13] Armstead was not denied the effective assistance of trial counsel. Accordingly, the post-conviction court properly denied the petition for post-conviction relief.

[14] Affirmed.

Mathias, J., and Bradford, J., concur.