## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 19 2019, 10:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Emmanuel J. Cain
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emmanuel J. Cain,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

August 19, 2019

Court of Appeals Case No.
18A-PC-1979

Appeal from the Monroe Circuit Court

The Honorable Marc R. Kellams, Judge

Trial Court Cause No.
53C02-1601-PC-140

**Bailey, Judge.**

# Case Summary

Pro-se Appellant-Petitioner Emmanuel J. Cain ("Cain") appeals the denial of his petition for post-conviction relief, following his convictions for two counts of Dealing in Cocaine. We affirm.

# Issues

Cain presents two issues for review:

I.  Whether he was denied the effective assistance of trial counsel; and

II. Whether he was denied the effective assistance of appellate counsel.

# Facts and Procedural History

The relevant facts were recited by a panel of this Court on direct appeal, as follows:

> On July 18, 2013, confidential informant C.H. contacted Bloomington Police Department Detective Erich Teuton. Detective Teuton arranged to have C.H. buy drugs from Cain at a hotel in Bloomington and met her there at 8:30 p.m. Detective Teuton searched C.H. for drugs and money, and he provided her with a video recording device and money to buy drugs. C.H. then bought two half-gram bags of crack cocaine from Cain. The resulting buy video was of poor quality, and C.H. had entered another room before locating Cain.

In order to obtain better quality, recorded evidence, C.H. and Detective Teuton conducted two similar controlled buys from Cain the following day, this time using a different recording device. The first buy on July 19 yielded two bags containing .27 grams and .19 grams of crack cocaine, and the second buy yielded two more bags containing .27 and .23 grams of crack cocaine. The Indiana State Crime Lab tested the larger bags from each buy and confirmed that both contained a cocaine base.

On August 15, 2013, the State charged Cain with three counts of dealing in cocaine, all as Class B felonies, each of which related to one of the three sales of crack cocaine that transpired on July 18 and 19. At his ensuing jury trial on April 14, 2014, the trial court admitted into evidence the video recordings of Cain's sales to C.H. and Detective Teuton's related testimony. Cain did not object to the admission of this evidence. However, after the jury had returned its verdicts, Cain for the first time complained that the State's video evidence violated his Sixth Amendment rights.

*Cain v. State*, No. 53A01-1406-CR-242, slip op. at 1 (May 26, 2015), *trans. denied*.

[4] Cain appealed, challenging his convictions and his twenty-year aggregate sentence. He raised three issues: whether the trial court committed fundamental error when it admitted recordings of Cain's drug transactions and testimony regarding those recordings; whether sufficient evidence supported his convictions; and whether his sentence was inappropriate. *See id.* His convictions and sentence were affirmed and the Indiana Supreme Court denied transfer.

On January 22, 2016, Cain filed his petition for post-conviction relief, which was amended on February 28, 2018. Also on February 28, the post-conviction court conducted a hearing at which argument was heard but no testimony was presented. On May 9, 2018, the post-conviction court entered its findings, conclusions, and order denying Cain post-conviction relief. He now appeals.

# Discussion and Decision

## Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

# Effectiveness of Trial Counsel

[7] Cain claims that his counsel was ineffective because (1) he failed to move to suppress the videos on grounds that they were obtained in violation of Cain's rights under the Fourth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution and (2) he had a conflict of interest precluding his effective representation of Cain.

[8] Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Id.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. *Dobbins v. State*, 721 N.E.2d 867, 873 (Ind. 1999) (citing *Strickland*, 466 U.S. at 87). Deficient performance is that which falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687; *see also Douglas v. State*, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cook v. State*, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the *Strickland* test are separate and independent inquiries. *Strickland*, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." *Id.*

[9]     We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002). Counsel is to be afforded considerable discretion in the choice of strategy and tactics. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). The decision whether or not to file a motion to suppress is a matter of trial strategy. *See Monegan v. State*, 721 N.E.2d 243, 251 (Ind. 1999).

[10]    At the post-conviction hearing, Cain presented argument to the court, but no witnesses. According to Cain, he had asked his trial counsel to make a motion to suppress the incriminating video recordings and counsel had refused to do so. Cain asserted that he had "expected privacy" and did not "give consent to a warrantless search of his identity." (P-C.R. Tr., pgs. 8-9.) He also claimed that, after the trial court denied trial counsel's request for withdrawal, counsel was thereafter ineffective because of a conflict of interest. In denying Cain post-conviction relief, the court observed that trial counsel had objected to the video recordings as lacking adequate foundation or any authentication testimony from C.H. The post-conviction court concluded that Cain had not shown additional grounds for suppression, nor had Cain demonstrated that there was a conflict of interest precluding his trial counsel from effectively representing him.

[11]    On appeal from the denial of post-conviction relief, Cain asserts that he had an "expectation of privacy from being videotaped inside [the] motel room" and "the covert camera becomes [sic] a warrantless seizure of Cain's identity." Appellant's Brief at 13. He suggests that his affirmative consent to video

recording was a mandatory prerequisite to its admission as evidence, arguing: "it must be shown, before [an] informant's seizure can be upheld, that defendant had consented to informant's relevant actions where informant is acting as [a] police agent." *Id.* at 14.

[12] Our Indiana Supreme Court has "reject[ed] claims that the broadcast and recording of private conversations from a microphone and transmitter carried by a consenting participant in the conversation violates the rights of the other participants against unreasonable searches and seizures guaranteed by the Fourth Amendment." *Snellgrove v. State*, 569 N.E.2d 337, 339-40 (Ind. 1991). In so doing, the Court relied upon the reasoning of the plurality opinion of *United States v. White*, 401 U.S. 745, 752 (1971):

> If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case.

[13] Properly-authenticated video recordings may be offered as substantive evidence under a "silent witness" theory. *McHenry v. State*, 820 N.E.2d 124, 128 (Ind. 2005). Cain offers no legal authority to support his contention that the absence of his affirmative consent to video recording rendered it inadmissible. And while Cain baldly asserts that, had trial counsel moved to suppress the video recordings on Fourth Amendment or Indiana constitutional grounds, they would have been excluded, again he provides no legal authority for his broad

propositions. Cain has not shown that a motion to suppress made by trial counsel would have succeeded and probably changed the outcome of the trial.

[14] "Ineffective assistance of counsel can occur where counsel is burdened by a conflict of interest," that is, "a division of loyalties." *Johnson v. State*, 948 N.E.2d 331, 334 (Ind. 2011). But merely alleging a personal conflict or a history of tactical disagreements is not equivalent to allegations of divided loyalty between a defendant and another client. *Id.* at 335. Here, at most, Cain has alleged that he complained about his trial counsel's strategy,[1] trial counsel moved to withdraw his representation, and the trial court denied that motion. Cain has not alleged, much less demonstrated, that trial counsel had an actual conflict or divergent interests that precluded his effective representation of Cain.

## Effectiveness of Appellate Counsel

[15] A defendant is entitled to the effective assistance of appellate counsel. *Stevens v. State*, 770 N.E.2d 739, 760 (Ind. 2002). The two-pronged standard for evaluating the assistance of trial counsel first enunciated in *Strickland* is applicable to appellate counsel ineffective assistance claims. *Bieghler v. State*, 690 N.E.2d 188, 192 (Ind. 1997). There are three basic categories of alleged appellate ineffectiveness: (1) denying access to an appeal, (2) waiver of issues, and (3) failure to present issues well. Here, the second category is implicated,

---

[1] According to Cain, he insisted that trial counsel should depose C.H. and trial counsel disagreed that a deposition was necessary.

as Cain claims that appellate counsel "prejudiced him for not raising grounds of exclusion of inadmissible evidence." Appellant's Brief at 7. However, he fails to develop a corresponding argument.

# Conclusion

[16] Cain has not demonstrated his entitlement to post-conviction relief on grounds of ineffectiveness of trial or appellate counsel. The post-conviction court properly denied the petition for post-conviction relief.

[17] Affirmed.

May, J., and Mathias, J., concur.